## McENTEE v. ARIS et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. AFFIDAVIT FOR ATTACHMENT—ABSCONDING DEBTORS.

Affidavits for attachment, stating that defendants were, a few days before, packing their stock of goods to ship them out of the state, and announced their intention of closing their business, and that one of them stated he was very anxious to sell his property, and intended to leave the city, do not warrant an attachment on the ground that defendants are removing their property with intent to defraud creditors, where the only indebtedness shown against them is that of plaintiff, for less than $300, and it appears that their stock is very large, and that they own other property.

2. SAME—COUNTERCLAIMS.

An affidavit for attachment, made by an agent for plaintiff, which fails to state that affiant does not know of any counterclaims, or to give any reason why an affidavit, stating that there are no counterclaims, is not made by plaintiff himself, is defective.

Appeal from special term, Monroe county.

Attachment suit by Eugene McEntee, Jr., executor, etc., against William B. Aris and George S. Morley. From an order setting aside and vacating the warrant of attachment, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

C. D. Kiehel, for appellant.

Horace McGuire, for respondents.

LEWIS, J. The attachment was granted upon the affidavit of the plaintiff's agent, Eugene McEntee, Jr., and the affidavit of Charles H. Barrett. The material allegations of the affidavits are that the defendants were indebted to the plaintiff in the sum of $287.10 for goods sold to them by the plaintiff; that they had neglected and refused to pay the debt; that the defendants had been engaged, for three months prior to the making of the application for the attachment, in the business of jobbers in boots and shoes in the city of Rochester; that the affiants had visited the place of business of the defendants a day or two before making their affidavits, and found them engaged in packing their stock of goods with the view of shipping the same to the state of Massachusetts, and that the defendants announced their intention of closing their business in the city of Rochester; that the packing was being done by salesmen and shipping clerks, while such work was ordinarily done by shipping clerks only. The affiant Barrett stated that he called at the defendants' place of business two days before making his affidavit, and inquired of one of the employes of the defendants for the defendant Aris, and was informed by the employe that Aris was not in, and that he did not know when he would be in; that he informed the employe that he wished to see Mr. Aris personally, about renting some property of him. The employe then said he thought he could find Mr. Aris, and went out, and remained about one minute, when Mr. Aris appeared, and, upon Mr. Barrett stating to him what his business was, Mr. Aris stated that he was very anxious to sell the property, for the reason that he intended to leave the city. The affidavits abound in inferences, from what the affiants saw and heard, that the defendants were engaged in removing their property from the state with the intent to defraud their creditors. They failed to disclose from whom they derived their information, or what their informants told them. We do not think the inferences were justified from the facts stated in the affidavits. From the description given by the affiants of the manner of packing the goods, the defendants evidently had a stock of considerable value. The entire indebtedness of the firm, so far as appears from the affidavits, was the amount of the plaintiff's claim, $287.10. Aris, it appears from Barrett's affidavit, was the owner of other property besides the stock of goods. It is hardly conceivable that a firm having such a stock would pack and ship it out of the state for the purpose of avoiding the payment of so small an indebtedness. There is nothing in the affidavits tending to show that the firm was embarrassed, or had any occasion to ship their goods away for the purpose of avoiding the payment of debts. The facts stated in the affidavits are entirely consistent with innocent intentions on the part of the defendants in removing their stock of goods.

The affidavits were also defective in failing to show that the plaintiff was entitled to recover the sum stated therein, over and above all counterclaims known to him. The agent does swear that he did not know of any counterclaims. No reason is given why an affidavit stating that fact was not made by the plaintiff. A counterclaim for the full amount of the plaintiff's demand might have existed, within the knowledge of the

plaintiff, for aught that appears in the affidavits. They did not justify the issuing of the attachment, and it was properly vacated. The order appealed from should be affirmed, with $10 costs and disbursements of the appeal. All concur.